## Wesson *against* Carroll.

JUDGE *Crenshaw* delivered the opinion of the Court.

By the bill of Exceptions it appears that, at the request of *Carroll*, a Mr. *Urquhart* took the agreement to *Wesson* to obtain his signature, and that he accordingly signed it. On the trial *Urquhart* was called as a witness, and asked whether *Wesson*, at the time of signing and delivering the agreement, did not tell him that if on or before the first of *September*, 1819, (which was before the time of payment of the money mentioned in the agreement,) he elected to pay a certain quantity of cotton instead of money, he had the right to do so, and the agreement was to be delivered up to be cancelled. On objection made, the Court directed the witness not to answer this question; and this is the matter now relied on as Error.

In general the declarations of one party made in the absence of the other cannot be given in evidence in his own favour, though they may be against him; nor can verbal evidence be received to alter or contradict the nature or terms of a written agreement. It does not materially vary the case to consider *Urquhart* the agent of *Carroll*. If the declarations had been made to *Carroll* himself at the time of signing the agreement, they could not be received as evidence for *Wesson*. They would go to prove other terms or conditions than those expressed in the written agreement.

It has been argued that this agreement ought to be considered as an escrow. I understand an escrow to be an instrument of writing to be delivered and to take effect on the happening of some contingency. Until the event happens, the instrument is incohate and ineffectual. Here the

DECEMBER, 1824.

Wesson
v.
Carroll.

agreement took effect at the time it was signed, and was not to depend upon any subsequent event to give it operation ; it therefore has no resemblance to an escrow. It is the unanimous opinion of the Court that the judgment of the Circuit Court be affirmed.

Judge *Ellis* having presided in the trial, and Judge *Minor* having been of Counsel in the Court below, did not sit.